ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

---

**KINGVISION PAY-PER-VIEW, LTD.,** as Broadcast Licensee of the **December 13, 2003 Back to Back to Back** Program,

Plaintiff,

-against-

ISAIAS L. TERRERO, Individually, and d/b/a EL MACUTA RESTAURANT a/k/a EL MACUTA RESTAURANT & TINAJA BAR, and EL MACUTA RESTAURANT a/k/a EL MACUTA RESTAURANT & TINAJA BAR;

Defendants.

---

**COMPLAINT**

Civil Action No.

CA 05 085 ML

Plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** by their attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 47 U.S.C. §§ 553 and 605, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, *inter alia,* all



(1)

defendants reside within the State of Rhode Island (28 U.S.C. § 1391(b) and 28 U.S.C. §120).

4. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the State of Rhode Island.

## THE PARTIES

5. The plaintiff, **KINGVISION PAY-PER-VIEW LTD.,** is a Delaware Corporation with its principal place of business located at 501 Fairway Drive, Deerfield Beach, FL 33441.

6. Upon information and belief the defendant, ISAIAS L. TERRERO, resides at 14 Betsy Williams Drive, Cranston, RI 02905-2702.

7. Upon information and belief, the defendant, EL MACUTA RESTAURANT a/k/a EL MACUTA RESTAURANT & TINAJA BAR, is a business entity, the exact nature of which is unknown, having its principal place of business at 1137 Broad Street, Providence, RI 02905.

8. Upon information and belief, the defendant, EL MACUTA RESTAURANT a/k/a EL MACUTA RESTAURANT & TINAJA BAR, is a Domestic Corporation, incorporated and licensed to do business in the State of Rhode Island.

9. Upon information and belief, the defendant, EL MACUTA RESTAURANT a/k/a EL MACUTA RESTAURANT & TINAJA BAR, is a partnership licensed to do business in the State of Rhode Island.

10. Upon information and belief, the defendant, EL MACUTA RESTAURANT a/k/a EL MACUTA RESTAURANT & TINAJA BAR, is a sole proprietorship licensed to do business in the State of Rhode Island.

## COUNT I

11. Plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, hereby incorporates by reference all of the allegations contained in paragraphs "1" through "10," inclusive, as though set forth herein at length.

12. By contract, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, was granted the right to distribute the **Back to Back to Back** program (this includes all undercard bouts and the entire television broadcast) scheduled for **December 13, 2003** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

13. Pursuant to the contract, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, entered into subsequent agreements with various entities in the State of Rhode Island, allowing them to publicly exhibit the Program to their patrons.

14. Plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of Rhode Island, which in turn, entered into agreements with plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, to exhibit the Program to their patrons.

15. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned commercial establishment at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

16. Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

17. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff, **KINGVISION PAY-PER-VIEW, LTD..,** had the distribution rights.

18. By reason of the conduct, the defendants willfully violated 47 U.S.C. §605 (a).

19. By reason of the defendants' violation of 47 U.S.C. §605 (a), plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** has a private right of action pursuant to 47 U.S.C. §605.

20. As a result of the defendants' willful violation of 47 U.S.C. §605 (a), plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

21. Pursuant to 47 U.S.C. §605, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

22. Plaintiff hereby incorporates paragraphs "1" through "21," inclusive, as though fully set forth herein.

23. Defendants and/or their agents, servants, workmen or employees, and each of them knowingly modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

24. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** had the distribution rights, or is intended for any other activity prohibited under 47 U.S.C. §605 (a).

25. By reason of the conduct, each of the defendants' violation of 47 U.S.C. §605, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** has a private right of action pursuant to 47 U.S.C. §605.

26. As a result of the defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

27. Pursuant to 47 U.S.C. §605, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

**COUNT III**

28. Plaintiff hereby incorporates paragraphs "1" through "27," inclusive, as though fully set forth herein at length.

29. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned commercial establishment at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

30. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** had the distribution rights.

31. Upon information and belief, the defendants individually, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

32. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

33. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

WHEREFORE, the plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** requests that judgment be entered in its favor and against each of the defendants granting to plaintiff the following:

(a) On the first cause of action, statutory penalties in the amount of $110,000.00 as

to each defendant for his willful violation of 47 U.S.C. §605 (a);

(b) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for his violation of 47 U.S.C. §605 (e)(4);

(c) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for his violation of 47 U.S.C. §553; and

(d) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e) (3) (B) (iii) and §553 (c) (2)(C), together with such other and further relief as this Court may deem just and proper.

Dated: February 9, 2005

**KINGVISION PAY-PER-VIEW, LTD.**

By: ______________________

JULIE COHEN LONSTEIN, ESQ.
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
1 Terrace Hill; P.O. Box 351
Ellenville, NY 12428
Telephone: (845) 647-8500
Facsimile: (845) 647-6277
*Our File No. 03-9RI-01*

Barbara S. Cohen

BARBARA S. COHEN, ESQ.
Resident Counsel
Bar Roll No. 2848
GOLDENBERG & MURI, LLP
10 Weybosset Street
Providence, RI 02903
Telephone: (401)421-7300
Facsimile: (401)421-7352

ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

---

**KINGVISION PAY-PER-VIEW, LTD.,**
as Broadcast Licensee of the **December 13, 2003 Back to Back to Back** Program,

Plaintiff,

-against-

Civil Action No. 0 - 035 ML

ISAIAS L. TERRERO, Individually, and d/b/a EL MACUTA RESTAURANT a/k/a EL MACUTA RESTAURANT & TINAJA BAR, and EL MACUTA RESTAURANT a/k/a EL MACUTA RESTAURANT & TINAJA BAR;

Defendants.

---

**CORPORATE DISCLOSURE STATEMENT**

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE AND THE GENERAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel of record for a private (non-governmental) party certifies that the following are corporate parents, subsidiaries, or affiliates of that Party which are publicly held.

There are no corporate parents, subsidiaries, or affiliates of the plaintiff, **KINGVISION PAY-PER-VIEW, LTD.,** and said corporation's securities are not publicly traded.

Dated: February 9, 2005
Ellenville, New York

**KINGVISION PAY-PER-VIEW, LTD.**

By: ______________________________

JULIE COHEN LONSTEIN, ESQ.
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
1 Terrace Hill; P.O. Box 351
Ellenville, NY 12428
Telephone: (845) 647-8500
Facsimile: (845) 647-6277
*Our File No. 03-9RI-01*